**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAIMEE ELIZABETH RIGGS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:26-cv-215-KD-N** |
| **ANTHONY LOWERY as Sheriff of** | ) | |
| **Baldwin County, Alabama** | ) | |
| | ) | |
| **Respondent.** | ) | |

### <u>REPORT AND RECOMMENDATION OF DISMISSAL</u>

Petitioner Jamiee Elizabeth Riggs filed "Emergency Petition for Writ of Habeas Corpus" (Doc. 1, hereinafter "Petition") on June 12, 2026. Petitioner paid the requisite $5.00 filing fee[1] on June 24, 2026 (Doc. 2). The Petition has been referred to the undersigned Magistrate Judge for review and issuance of a report and recommendation.[2]

Petitioner asks the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petition ¶¶ 3, 14. The crux of Petitioner's contentions is as follows:

> This is an emergency petition for a writ of habeas corpus challenging the unlawful detention of Petitioner, who is being held in the Baldwin County Corrections Center without legal authority. Petitioner was arrested based on an alleged, verbal out-of-state warrant from Manatee County, Florida, that has never been produced. Baldwin County Corrections Center officers and

---

[1] See 28 U.S.C. § 1914.

[2] See 28 U.S.C § 636; S.D. Ala. GenLR 72(a)(2)(S) & (b); docket sheet reference notation dated 6/12/2026.

employees in docketing have refused and failed all requests to present any warrant or supporting documentation. See Exhibit 2.[3]

The detention is illegal because (a) no valid warrant has been shown to exist; (b) the purported warrant allegedly names an individual who is not the Petitioner; and (c) Respondent has violated Petitioner's statutory right to be brought before a judge to test the legality of her arrest. Petitioner requests her immediate release from custody.

Petition ¶¶ 1-2.[4]

The Court does not reach the issue of whether it was necessary for arresting law enforcement authorities to have a warrant in-hand in order to lawfully detain Petitioner. It is notable, however, that an amended provision of the Code of Alabama that took effect on January 30, 2026, before Petitioner's detention, may obviate the alleged need of a warrant.

An officer or private citizen, without a warrant, may lawfully arrest an individual upon reasonable information that the individual stands charged in the courts of another state with any of the following: (1) A crime punishable by death. (2) A crime punishable by imprisonment for a term exceeding one year. (3) Any crime otherwise punishable as a felony.

Ala. Code § 15-9-41.

As the Eleventh Circuit Court of Appeals has made clear, this Court may not grant a writ under § 2241 unless Petitioner has exhausted all available state remedies.

It is by now well established that a district court may not grant a § 2241

---

[3] Exhibit 2 of the Petition consists of Petitioner's typewritten notes recounting the alleged timeline of events.

[4] The Petition contains several mentions of "undersigned counsel" – someone distinct from Petitioner. But the Petition was signed solely by Petitioner, and Petitioner has not represented herself to be an attorney.

petition "unless the petitioner has exhausted all available state remedies." *See Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (explaining that we apply the exhaustion requirement to a state pretrial detainee's § 2241 petition). Plainly, the purpose of the exhaustion requirement is to afford the state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (quotation marks omitted). The exhaustion doctrine was crafted on federalism grounds to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. See *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Exhaustion has two essential requirements relevant to this case. First, "to be exhausted, a federal claim must be fairly presented to the state courts." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). "It is not sufficient merely that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343–44 (11th Cir. 2004) (citations omitted). "Rather," to "ensure that state courts have the first opportunity to hear all claims, federal courts 'have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.'" *McNair*, 416 F.3d at 1302 (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). To do that, a state-court prisoner must present his claim to the state court in a manner that would allow a "reasonable reader" to understand the legal and factual foundation for each claim. *Kelley*, 377 F.3d at 1344–45. Second, a prisoner must take his claim "to the state's highest court, either on direct appeal or on collateral review." *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

*Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022).

In this case, it is evident that Petitioner has not taken any of her claims in the Petition to the highest court of any State. First, Petitioner has not alleged that she has presented any of her federal claims in this action to any state court and obtained

a final ruling from state's highest court.[5] Second, knowing that failure to exhaust is an impediment to obtaining relief in this Court, Petitioner's contention with respect to exhaustion is that she should be excused from exhausting available state remedies. Petition ¶ 14. Accordingly, the Court finds that Petitioner has failed to exhaust all available state remedies.

Contrary to her assertion, Petitioner is not excused from the exhaustion requirement. Based on *Duckworth v. Serrano*, 454 U.S. 1 (1981), and three district court cases from jurisdictions outside the Eleventh Circuit, Petitioner summarily contends that she should be excused because "resort to state court would be futile" or "special circumstances demonstrate that state corrective process is unavailable." Petition ¶ 14. The proper standard for excuse from exhaustion is stated in *Duckworth*. After noting the normal rule that exhaustion of state remedies is required,[6] the United States Supreme Court stated that "exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3.

The allegations that Petitioner offers in support of her excuse argument are as follows:

---

[5] Petitioner could make her claims to the state court in Baldwin County, Alabama, that has directly presided over extradition proceedings. In addition, Petitioner could make her claims in state court by filing a writ of habeas corpus petition under Code of Alabama § 15-9-38 and/or § 15-21-1 *et seq*.

[6] "It has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth*, 454 U.S. at 3 (citing multiple Supreme Court cases).

> Respondent has concealed every document purporting to authorize Petitioner's detention – the arrest warrant, requisition, governor's warrant, and all extradition papers. Because Petitioner has been denied even the minimal process of seeing the alleged warrant, she cannot meaningfully challenge her detention in state court; a state petition would require her to litigate blind against a record that Respondent refuses to disclose."

Assuming, without deciding, that these allegations are true, they do not warrant a finding that Petitioner is excused from exhausting state remedies. These allegations do not speak to issues of whether "there is no opportunity to obtain redress in state court" or whether the state "corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3. Petitioner has not pursued her assertions in the state court trial court system to get a ruling on her claims, much less pressed them completely through the Alabama appellate court system. Therefore, Petitioner has no legitimate claim of excuse from the exhaustion mandate. *See Johnson v. Florida*, 32 F.4th 1092, 1097 (11th Cir. 2022) (futility is established only by demonstrating that the state court "has unreasonably or without explanation failed to address petitions for relief" and the petitioner failed to do so "since he never presented" his petitions to the state court).

With respect to futility, Petitioner also writes: "Where the custodian has already demonstrated that he will not produce the jurisdictional predicate for detention in any forum, a state habeas action is an empty ritual." Petition ¶ 14. As legal authority for this contention, Petitioner cites "*United States ex rel. Hammershoy v. Director of Connecticut Correctional Center*, 299 F. Supp. 1354, 1357 (D. Conn. 1969)." Because *Hammershoy* does not stand for this proposition, there is no page

"1357" of the *Hammershoy* decision, the *Hammershoy* court rejected a claim for "failure to exhaust state remedies," and *Hammershoy* is not binding on this Court, the Court rejects this line of argument.

For the reasons set forth herein, the undersigned Magistrate Judge **RECOMMENDS** that the assigned District Judge enter an order **DISMISSING the Petition** for failure to exhaust state remedies since it "appears from the application [for the writ] that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243. The undersigned Magistrate Judge further **RECOMMENDS** that any request for a certificate of appealability be **DENIED** and that any request for leave to appeal *in forma pauperis* be **DENIED**.

**Petitioner is ADVISED that if she objects to this Report and Recommendation of Dismissal, then she must file "specific written objections to the proposed findings and recommendations" with the Court "[w]ithin 14 days after being served with a copy" of this recommended disposition of her Petition. Fed. R. Civ. P. 72(b)(2). The assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).**

**Plaintiff is further ADVISED that 11th Cir. R. 3-1, a rule that would apply to any appeal concerning this Report and Recommendation of**

**Dismissal to the Eleventh Circuit Court of Appeals, provides as follows:**

> **A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.**

**DONE** and **ORDERED** this the 6th day of July 2026.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**